UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Charles Imburgia, | ) | CASE NO. 1:11 CV 2823 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Arturo Cruz, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Charles Imburgia filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation & Correction ("ODRC") Director Gary Mohr; Grafton Correctional Institution ("GCI") Officers Arturo Cruz, Lieutenant Burgos, Captain Brlas, Captain Brownlee; and "all unknown actors/agents." In the Complaint, Plaintiff alleges he was subjected to cruel and unusual punishment under the Eighth Amendment when he was not permitted to use the restroom, and was then retaliated against for filing a grievance regarding the incident. Plaintiff seeks $100,000 in damages.

Plaintiff also filed a Motion to proceed *in forma pauperis* (Doc. 2) and a Motion for Appointment of Counsel (Doc. 3). Plaintiff's Motion to proceed *in forma pauperis* is granted. His Motion for Appointment of Counsel is denied as moot.

**I.  Background**

At the time the Complaint was filed, Plaintiff was a state prisoner incarcerated at Grafton Correctional Institution in Grafton, Ohio.[1] He alleges that, on June 14, 2010, GCI conducted a lock-down security investigation and search beginning at 9:55 a.m. During this shut-down, inmates were ordered to remain in their bunk areas and were not permitted to use the inmate restrooms. At approximately 11:25 a.m., Plaintiff approached Defendant Cruz and asked if he could use the restroom. According to Plaintiff, Defendant Cruz refused permission and ordered Plaintiff to return to his bunk area. Plaintiff indicated to Defendant Cruz that it was an emergency and he could not wait. Defendant Cruz allegedly stated, "I'm just following the Captain's orders. Go back to your bunk now." (Doc. 1 at 2-3).

Plaintiff did as he was ordered but "could no longer hold it and was forced to defecate on himself in his undershorts and sit in it for approximately twenty-five minutes." (Doc. 1 at 3). Plaintiff asserts he was in excruciating pain while trying to prevent losing control of his bowels. He states other inmates witnessed "this embarrassing, humiliating, and degrading incident." (Doc. 1 at 3). According to Plaintiff, the shut-down ended at 11:55 a.m. and he was only then permitted to clean himself. (Doc. 1 at 3). Plaintiff subsequently asked Defendant Cruz to identify which Captain gave the order not to let inmates use the restroom. Defendant Cruz indicated that Defendant Brlas gave this order.

Plaintiff then filed an Informal Complaint Resolution ("ICR") about this incident. (Doc. 1-1 at 1). Defendant Burgos denied Plaintiff's ICR, stating that "[y]our time frame of the (lockdown)

---

[1] According to the ODRC website, Plaintiff was released on February 21, 2012 and is currently under the supervision of the Adult Parole Authority. *See* www.drc.state.oh.us/OffenderSearch. Moreover, on March 19, 2010, Plaintiff filed a Notice of Change of Address, indicating he currently resides in Cleveland. (Doc. 4).

-2-

seems to be a bit longer than it actually was." (Doc. 1-1 at 1). Burgos disputed Plaintiff's assertion that he had informed Defendant Cruz of the emergency nature of his request, and further stated that the restroom was re-opened only three to five minutes after Plaintiff's request. Plaintiff then filed a Notification of Grievance, reiterating that the lock down lasted two hours and that he had fully explained to Defendant Cruz his urgent need to use the restroom. (Doc. 1-1 at 4).

Plaintiff's Grievance was denied on August 10, 2010 by Institutional Inspector Darlene Krandall. Ms. Krandall indicated that, on the date of the lock-down, "staff were performing an investigation regarding serious security breaches" and noted that "the restroom was searched by the team and contraband was, indeed, found." (Doc. 1-1 at 5-6). Ms. Krandall indicated she had investigated the matter and:

> I found no staff witnesses to substantiate your claims on times frames, events, or that you even had an accident on yourself. This would be very unfortunate, if it did happen, and staff would never intentionally cause this to happen. Captain Brlas indicates that in future operations, he will be more specific to staff concerning inmate use of the restroom during security related events.

(Doc. 1-1 at 6). She then found no evidence of an intentional act by Defendant Cruz and noted again that Defendant Brlas was "taking steps to assure there are no future issues related to restroom use during security operations." (Doc. 1-1 at 6). Plaintiff appealed this decision to the Chief Inspector. (Doc. 1-1 at 7). The Chief Inspector rejected his appeal on October 19, 2010. (Doc. 1-1 at 8-10).

Meanwhile, approximately one month after the restroom incident and shortly after Plaintiff filed his Notification of Grievance, another inmate told Plaintiff that Defendant Cruz had "released sensitive information concerning Plaintiff's criminal case that did put Plaintiff in danger of physical and possibly fatal harm from other inmates." (Doc. 1 at 3). Specifically, Plaintiff claimed an inmate

asked Cruz why Cruz had been working the back gate so much lately and Cruz stated, "That Imburgia guy wrote me up because I wouldn't let him use the bathroom and he [defecated] on himself." (Doc. 1 at 6). Cruz allegedly went on to say, "Do you guys know why Imburgia is in prison? He raped a little girl."[2] (Doc. 1 at 6).

Plaintiff then filed an Informal Complaint Resolution, claiming Defendant Cruz had retaliated against him. (Doc. 1-1 at 11). Defendant Burgos denied Plaintiff's ICR on August 11, 2010 on the grounds that he had spoken with several different inmates and none could verify "without a doubt" that the statement was made by Defendant Cruz. Burgos stated, however, that he "talked to Officer Cruz in reference to professionalism while on the job." (Doc. 1-1 at 12).

Plaintiff then filed a Notification of Grievance, which was denied on September 2, 2010. (Doc. 1-1 at 13, 14). Plaintiff appealed to the Chief Inspector. (Doc. 1-1 at 15). The Chief Inspector denied Plaintiff's appeal, noting that "you were not present to hear Officer Cruz say anything about you and your complaint is merely focused on hearsay." (Doc. 1-1 at 16). The Inspector also noted that witnesses were interviewed and "investigation could not find evidence to support your allegations." (Doc. 1-1 at 16).

Plaintiff filed the instant Complaint on December 30, 2011. He alleges Defendants' failure to allow him to use the restroom constitutes cruel and unusual punishment under the Eighth Amendment. Plaintiff further asserts Defendant Cruz retaliated against him for filing a grievance regarding this incident, by informing other inmates that Plaintiff was in prison for raping a child. He seeks $100,000 in damages and a jury trial.

---

[2] In his criminal case, Plaintiff entered a plea of guilty to three counts of rape and two counts of unlawful sexual conduct with a minor. *See Imburgia v. Bradshaw,* Case No. 1:09 CV 2009 at 1 (N.D. Ohio) (Gwin, J.) (discussing Plaintiff's criminal case in context of dismissing Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254).

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo*

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**III.    Analysis**

    **A.    Proper Parties and Claims**

In the Complaint, Plaintiff states causes of action against Defendants Cruz, Burgos, Brlas, Brownlee, and Mohr in both their official and individual capacities. The Court will address each of these types of claims, in turn.

        **1.    Official Capacity Claims**

The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). As Defendants Cruz, Burgos, Brlas, Brownlee and Mohr are employed by GCI and the ODRC, and thus state employees, Plaintiff's official capacity claims against these Defendants are construed against the State of Ohio.

The Eleventh Amendment[4] bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). There are some exceptions to the immunity recognized by the Eleventh Amendment. A plaintiff may sue a State for damages in federal court when a State expressly consents to suit, or

---

[4]    The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. CONST., AMEND. XI. The Supreme Court has interpreted this Amendment as granting states broad sovereign immunity from federal suits filed by their own citizens as well as citizens of other states. *See Pennshurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21 (1984).

if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

With respect to the instant case, the State of Ohio has not waived sovereign immunity in federal court. *See Mixon*, 193 F.3d at 397. In addition, the Supreme Court has held that the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity. *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Defendants Cruz, Burgos, Brlas, Brownlee, and Mohr are therefore dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e).[5]

Furthermore, the Supreme Court has held that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim. *See Will*, 491 U.S. at 71. Consequently, even aside from the issue of sovereign immunity under the Eleventh Amendment, Plaintiff fails to state claims for monetary damages against these Defendants pursuant to § 1983.

Accordingly, Plaintiff's official capacity claims against Defendants Cruz, Burgos, Brlas, Brownlee and Mohr are dismissed pursuant to § 1915(e).

### 2. Individual Capacity Claims

---

[5] Although a claim for prospective injunctive relief may proceed against a state official sued in his/her official capacity, Plaintiff herein does not seek injunctive relief in his Complaint. *See Hafer v. Melo*, 502 U.S. 21, 28 (1991); *Will*, 491 U.S. at 71, n. 10.

Plaintiff also sues Defendants in their individual capacities. With respect to Defendant Mohr, Plaintiff's individual capacity claim is dismissed. Plaintiff does not include any factual allegations against Defendant Mohr in his Complaint, nor does he explain the basis for his claims against this Defendant. A plaintiff cannot establish the liability of any defendant absent a clear showing that he/she was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint does not contain any facts which reasonably associate Defendant Mohr with the alleged constitutional violations at issue.

To the extent Plaintiff is suing Defendant Mohr based on a theory of supervisory liability, this claim must fail as well. Liability under § 1983 cannot be imposed based on *respondeat superior*. *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3. *See also Grinter*, 532 F.3d at 575. "'At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Grinter*, 532 F.3d at 575 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has not alleged any facts suggesting that Defendant Mohr authorized, approved, or knowingly acquiesced in the alleged constitutional violations that form the basis of the Complaint. Accordingly, Plaintiff's individual capacity claims against Defendant Mohr are dismissed pursuant to § 1915(e).

Plaintiff's individual capacity claims against Defendants Burgos and Brownlee are also dismissed. Plaintiff alleges Defendant Burgos investigated the defacation and retaliation incidents and "strived to cover up what actually took place contradicting himself several times in his responses to Plaintiff's complaint." (Doc. 1 at 3). As set forth *supra*, Defendant Burgos found no

violations as a result of either of his investigations. With respect to Defendant Brownlee, the Complaint states only that Plaintiff filed Informal Complaint Resolutions with him regarding the defacation and retaliation incidents. Defendant Brownlee denied both of these ICRs.

Plaintiff's claims against Defendants Burgos and Brownlee are essentially based on their investigation and denial of his grievances. It is well-established, however, that a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. *See, e.g. Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Grinter*, 532 F.3d at 576. A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See e.g. Shehee*, 199 F.3d at 300; *Martin v. Harvey*, 2001 WL 669983 at * 2 (6th Cir. June 7, 2001). Thus, where the only specific allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the denial of his constitutional rights. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

To the extent Plaintiff is suing Defendants Burgos and Brownlee based on a theory of supervisory liability, these claim must fail as well. Plaintiff has not alleged any facts suggesting that either Defendant Burgos or Defendant Brownlee authorized, approved, or knowingly acquiesced in the alleged constitutional violations that form the basis of the Complaint. *See Grinter*, 532 F.3d at 575(holding that "'[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate'")(quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Accordingly, Plaintiff's individual capacity claims against Defendants Burgos and Brownlee are dismissed pursuant to § 1915(e).

In light of the above, the Court finds the only potential claims remaining in the Complaint are Plaintiff's individual capacity claims against Defendants Cruz and Brlas alleging violations of the First and Eighth Amendments.[6] The Court will now consider the merits of those claims.

### B. Eighth Amendment

Plaintiff alleges Defendants Cruz and Brlas' failure to allow him to use the restroom constitutes cruel and unusual punishment under the Eighth Amendment because it humiliated him and caused him excruciating pain. Construed liberally, the Complaint may also allege that Defendant Cruz was deliberately indifferent to Plaintiff's safety when he allegedly informed other inmates that Plaintiff had raped a child.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison official acted

---

[6] Plaintiff also names "all unknown actors/agents" as Defendants in the body of his Complaint. Plaintiff does not indicate the nature of the positions these John and/or Jane Doe Defendants held or what role they allegedly played in the alleged constitutional violations at issue. In the absence of such information, the Court finds Plaintiff has failed to include sufficient allegations to state claims against these Doe Defendants.

-10-

with a sufficiently culpable state of mind. *Id*. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence will not suffice. *Id*. at 835-36. *See also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (finding that deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer,* 511 U.S. at 834.

### 1. Failure to Allow Plaintiff to Use the Restroom

Plaintiff first alleges Defendants Cruz and Brlas were deliberately indifferent when they refused to allow him to use the restroom. Even if the objective component of the above Eighth Amendment test were met, however, the Court finds Plaintiff has not established that Defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment with respect to this incident.

The documents attached to Plaintiff's Complaint indicate Defendants had a reasonable justification for closing the inmate restroom. Specifically, GCI's responses to Plaintiff's grievances state there had been "serious security breaches" and GCI closed the restroom in order to conduct a security search. (Doc. 1-1 at 5-6). While Defendant Cruz did refuse to allow Plaintiff to use the restroom even after he explained it was an emergency, Plaintiff alleges Cruz stated he was "just following Captain's orders." (Doc. 1 at 2-3). There is no indication Defendant Cruz acted with criminal recklessness or a wanton disregard for Plaintiff's needs. Rather, according to Plaintiff's own allegations, it appears Defendant Cruz felt constrained by Defendant Brlas' orders to refuse Plaintiff permission to use the restroom during the pendency of the security search.

Although Defendant Cruz could perhaps have done more to ascertain whether an exception could have been made in Plaintiff's case, the Court finds Cruz's failure to do sounds more in negligence than in deliberate indifference. Accordingly, the Court finds Plaintiff has failed to satisfy the subjective component of the above test with respect to Defendant Cruz.

With respect to Defendant Brlas, the Court similarly finds Plaintiff has failed to allege facts suggesting this Defendant acted with deliberate indifference. Although Plaintiff alleges Defendant Brlas gave the order to close the inmate restroom, he does not allege this Defendant was aware of Plaintiff's need to use the restroom or the urgent nature of that need. There is simply no indication that Defendant Brlas acted purposefully to cause Plaintiff harm or was deliberately indifferent to his stated needs. In the absence of such evidence, the Court finds Plaintiff has failed to satisfy the subjective component of the Eighth Amendment test with respect to Defendant Brlas.

Accordingly, Plaintiff's individual capacity claims against Defendants Cruz and Brlas for violations of the Eighth Amendment based on the restroom incident on June 14, 2010 are dismissed pursuant to § 1915(e).

### 2. Informing Other Inmates that Plaintiff had Raped a Child

It is unclear from the Complaint but Plaintiff may also be alleging that Defendant Cruz was deliberately indifferent to his safety when he allegedly informed other inmates that Plaintiff was in prison for raping a child. Plaintiff maintains release of this information put him at risk of physical danger and "possibly fatal harm" from other inmates. (Doc. 1 at 3).

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 828. Specifically, prison officials must take "reasonable measures to guarantee the safety of inmates," which includes

"protect[ing] prisoners from violence at the hands of other prisoners." *Id*. at 832-33. However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). As the Sixth Circuit has explained:

> Instead, the deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" [*Farmer*, 511 U.S. at] 834, 114 S.Ct. 1970 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)), and in prison condition cases such as this one, the prison officials must exhibit deliberate indifference to the health or safety of the inmate. *Id*. Implicit in this standard is the recognition that **the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence**.

*Id*. at 601 (emphasis added). *See also Thompson v. Mich. Dept. of Corrections*, 2002 WL 22011 (6th Cir. Jan. 2, 2002) (affirming district court's dismissal upon initial screening where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm).

In the instant case, Plaintiff fails to allege that he suffered any actual harm as a result of Defendant Cruz's alleged statement to other inmates that Plaintiff had raped a child. Plaintiff seeks monetary damages in the form of compensatory and, apparently, punitive damages. However, requests for damages seek to compensate plaintiffs for past injuries. *Wilson*, 148 F.3d at 601. In this case, Plaintiff states no allegation that any inmate actually injured him physically nor does he allege that he suffered any emotional or psychological injury from the fear of physical injury. The Complaint does not seek injunctive relief and, in fact, Plaintiff was released from prison in February 2012.

In light of the above, the Court finds Plaintiff's Eighth Amendment claim for monetary

-13-

damages as result of this incident is without merit and dismissed pursuant to § 1915(e).

**C.    Retaliation**

Plaintiff alleges Defendant Cruz retaliated against him for filing a grievance regarding the restroom incident by informing other inmates that Plaintiff was in prison for raping a child. A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). In this context, a retaliation claim has three elements: (1) the prisoner was engaged in protected conduct; (2) an adverse action was taken against the prisoner that would deter a prisoner of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements – i.e. the prisoner's protected conduct motivated, at least in part, the adverse action. *Id*. at 394. *See also Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

With regard to the first element, the Sixth Circuit has held that, for purposes of a retaliation claim, "protected conduct" includes a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). If the grievances are frivolous, however, this right is not protected. *Id*. With respect to the second element, courts have found that an adverse action is one that "is capable of deterring a person of ordinary firmness from exercising the constitutional right in question." *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). Actual deterrence need not be shown. *Hill*, 630 F.3d at 472. Because "there is no justification for harassing people for exercising their constitutional rights," the deterrent effect of the adverse action need not be great in order to be actionable. *Thaddeus-X*, 175 F.3d at 397-98. "The plaintiff's evidentiary burden is merely to establish the factual basis for his claim that the retaliatory acts amounted to more than *de minimis* injury." *Bell*, 308 F.3d at 606.

-14-

The Court finds Plaintiff has failed to allege an "adverse action" that amounted to more than *de minimis* injury. Plaintiff alleges he was told by another inmate (GCI inmate Antony Bertei) that Defendant Cruz told Bertei and other unidentified inmates that Plaintiff had "raped a little girl." (Doc. 1 at 3; Bertei Aff.at 7-8). While the Court accepts as true the allegation that inmate Bertei told Plaintiff about this incident, the Court finds Plaintiff's allegations to be too attenuated to state a viable retaliation claim. Plaintiff does not allege that he himself heard Defendant Cruz make this remark. Rather, Plaintiff asks this Court to assume as true, not only his allegation that he was told about Cruz's remark from Bertei, but also Bertei's allegations that Defendant Cruz made this remark in the first instance. He also asks the Court to assume that hearing about this remark second-hand from another inmate was sufficient to deter "a person of ordinary firmness from exercising the constitutional right in question." *Bell*, 308 F.3d at 606. The Court finds Plaintiff's allegations, based on hearsay, are too tenuous to demonstrate the second element of a retaliation claim, i.e. an adverse action that would deter a prisoner of ordinary firmness from continuing to engage in the protected conduct and that amounts to more than a *de minimis* injury.

Plaintiff's retaliation claim against Defendant Cruz is, therefore, dismissed pursuant to § 1915(e).

**V. Conclusion**

Accordingly, Plaintiff's First and Eighth Amendment claims against all Defendants are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

---

[7] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

                                           S/Christopher A. Boyko  
                                          CHRISTOPHER A. BOYKO  
                                          UNITED STATES DISTRICT JUDGE

March 27, 2012